PETER ZENKERT, PROSECUTOR, v. CITY OF GARFIELD, FRANK J. MATISOVSKY ET AL., DEFENDANTS.

Decided May 3, 1927.

**Municipalities—Public Officers—Certiorari to Review Election of Recorder, a Lack of Quorum Being Alleged—The Officer was Already in Possession of His Office at Time Rule was Served Upon Him—Clear That Certiorari Will Not Lie—Quo Warranto is the Exclusive Remedy.**

On rule to show cause why a writ of *certiorari* should not be allowed.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Arthur T. Vanderbilt*.

For the defendants, *Merritt Lane*.

PER CURIAM.

The prosecutor, a member of the city council of Garfield, seeks to review and to have set aside the alleged illegal action of the council in confirming the appointment of defendant Matisovsky as recorder of Garfield. The basic ground of the application is that there was no quorum present at the time, and hence no valid confirmation. The meeting was on March 22d. Matisovsky took the oath of office on the 25th, and at the time the present rule was served on him had entered upon the discharge of his official duties.

In this posture of affairs the question at once arises whether *quo warranto* is not the exclusive remedy. It is plain enough that the title of Matisovsky to a public office, of which he is in actual occupancy, is in question. There is no question about the existence of the office, and none as to the power of the mayor and council to fill a vacancy; the question is whether that vacancy was lawfully filled. As to whether the quorum had been broken by the departure of

prosecutor and three of his associates from the council chamber, the facts are in substantial dispute. We consider that we are not called upon to settle that dispute of fact, because we are clear that *certiorari* will not lie. The new term of office began on April 1st, and the rule to show cause, made herein on March 30th, was served on defendant Matisovsky on the morning of April 1st, after he had taken his seat on the recorder's bench and called for the calendar of cases. He was in full possession of the office, which had been vacated by his predecessor the night before, and which is not now claimed by the latter.

It is urged that the case of *Lewis* v. *Newark*, 74 *N. J. L.* 308, 313, is applicable; but an examination of that case shows at once that the question was as to the existence of the office itself, not the title to it. A similar case is *Loughran* v. *Jersey City*, 86 *Id.* 442.

There is a line of cases, cited in *Moore* v. *Bradley Beach*, 87 *N. J. L.* 392, and *Murphy* v. *Freeholders*, 92 *Id.* 244, holding that the actual incumbent of an office may maintain *certiorari* to remove some obstruction to his performance of its duties. But the present case is in no way within that rule. It is plainly within the ruling of *Simon* v. *Hoboken*, 52 *Id.* 367, and *Wygant* v. *Hackensack Improvement Commission*, 89 *Id.* 454 (at *pp.* 457, 458). See also *Diebert* v. *South Amboy*, 1 *N. J. Mis. R.* 543.

It is suggested that *certiorari* should be allowed to this prosecutor because he has no standing in a *quo warranto* proceeding, not being a claimant of the office. But this ignores section 1 of the *Quo Warranto* act (*Comp. Stat., p.* 4210), which permits a citizen or taxpayer to institute such proceeding by leave of the court. *McGuire* v. *De Muro*, 98 *N. J. L.* 684.

The rule to show cause will be discharged, with costs.